**52**

In the Matter of Samuel MERGAMAN,
Bankrupt.
No. 26144.

United States District Court
E. D. Pennsylvania.
Jan. 31, 1962.

———◆———

Meyer E. Maurer, Wexler, Mulder & Weisman, Philadelphia, Pa., for trustee.

Daniel B. Nodler, Philadelphia, Pa., for bankrupt.

GRIM, Senior District Judge.

The bankrupt has petitioned this court to review the action of the referee sustaining the trustee's specifications of objections to the bankrupt's discharge. These specifications were, in summary, that the bankrupt:

1. obtained property on credit or obtained an extension or renewal of credit, by knowingly, wilfully, and fraudulently making or publishing or causing to be made or published a materially false statement in writing respecting his financial condition;

2. wilfully, knowingly, and fraudulently falsified, or failed to keep, books of account from which his financial transactions might be ascertained;

3. wilfully and knowingly failed to explain satisfactorily losses of his assets and the deficiency of his assets to meet his liabilities.

If established, these or any of them are ground for denial of discharge under Sec. 14 of the Bankruptcy Act, 11 U.S.C.A. § 32.

Under General Order 47, 11 U.S.C.A. following section 53, this court is required to accept the referee's findings of fact "unless clearly erroneous."

The referee filed a comprehensive opinion in the course of which he found facts relating to each of the objections.

As to the first objection, the false financial statement in writing, the referee found that the bankrupt sent Dun & Bradstreet in 1959 a financial statement dated December 31, 1958, which was supplied by Dun & Bradstreet to 54 firms requesting it. In addition, the referee found specifically that two creditors relied on the statement. The referee found that as a result of a false statement of the inventory in the financial statement, the net worth shown in the statement, $23,488.00, was overstated and false by approximately $6,800, or 30%. The bankrupt sought to justify the discrepancy by an explanation having to do with income tax treatment of a fire loss, but the referee found the statement false even giving the bankrupt full credit for the figure resulting from the income tax matter. These findings of the referee are based on substantial evidence in the record and are not clearly erroneous. As he was entitled to, he deemed the bankrupt's evidence on this issue not worthy of belief.

As to the second objection, failing to keep books of account or records from which the bankrupt's financial condition and business transactions might be ascertained, the referee found the sum of $7,142.07 in cash unaccounted for for the last month the bankrupt was in business. He also found that the bankrupt, a retail merchant with a large volume of business, kept no record of his daily sales. Instead, a lump figure of sales was entered every week. The bankrupt would hand his accountant a piece of paper showing a figure of sales for the week and figures for cash paid out for commissions, rent, supplies, etc. The practice of entering a lump figure for an entire week's sales, where there was no supporting information such as sales slips, cash register tapes, daybooks, or other sales records, leaves the door open wide for inaccuracies or worse and renders utterly impossible any audit of sales. All this in sum demonstrates that the bankrupt's books and records were not of a kind from which his financial transactions could be ascertained. The referee found as well that the bankrupt offered no proper justification for his failure to keep proper books and records. The findings of the referee on the second objection are all based on substantial evidence before him and are not clearly erroneous.

As to the third objection, failure to give satisfactory explanation of losses, the referee found, on the basis of the testimony of the bankrupt's accountant, that of the losses during the last month the bankrupt was in business the loss of $2,728.64 was totally unaccounted for. The bankrupt gave no explanation for this loss, satisfactory or otherwise, and the brief of his counsel in this court makes no reference to this loss in discussing the third objection. The referee's findings on this objection are based on substantial evidence in the record and are not clearly erroneous.

Since the referee's findings of fact are not clearly erroneous, they are sustained, as are the conclusions of law based on the findings. The referee's order denying the discharge will be affirmed.